**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | | |
|---|---|---|
| GARY L. PARIZEK, on behalf of himself | ) | |
| and all others similarly situated, | ) | 08 C 478 |
| Plaintiff, | ) | |
| v. | ) | Judge Griesbach |
| | ) | |
| VELOCITY EXPRESS, INC. | ) | Jury Demanded |
| Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO VELOCITY EXPRESS' RULE 7.4**
**MOTION TO STAY AND FOR PROTECTIVE ORDER AND**
**RULE 7.4 EXPEDITED NONDISPOSITIVE**
**CROSS MOTION TO COMPEL DEFENDANT TO ENGAGE IN A RULE 26(f) CONFERENCE**
**OR, ALTERNATIVELY, FOR LEAVE TO INITIATE DISCOVERY**

Plaintiff respectfully requests that this Court deny defendant's motion for stay and for a protective order.

Plaintiff also requests that the Court compel defendant to participate in a Rule 26(f) conference by entering an order requiring the parties to conduct a Fed.R.Civ.P. 26(f) by some short future date, or alternatively enter an order permitting plaintiff to take discovery without having had a 26(f) conference. In support of these propositions, plaintiff states:

1.     Plaintiff opposes Velocity Express' motion for protective order and to stay proceedings because plaintiff and the class would be prejudiced by a protective order and/or stay of proceedings, and because the Rules of Civil Procedure do not support defendant's position. Plaintiff further requests that this Court order that the parties conduct a Rule 26(f) conference by some date-certain, or alternatively grant plaintiff leave to initiate discovery without having had a Fed.R.Civ.P. 26(f) conference.

2.     As noted in plaintiff's opposition to Velocity's motion to stay, there exists a

1

substantial certainty that discovery materials is being destroyed in the regular course of business during this delay of discovery in this case.

3. More importantly, however, plaintiff has moved for collective treatment of this Fair Labor Standards Act case. Delay of these proceedings will likely prejudice Wisconsin delivery drivers because the statute of limitations for their cases goes back from the date of the filing of their plaintiff consent, not from the filing of the case itself. *Adair v. Wisconsin Bell, Inc.*, 2008 WL 2690716 (E.D.Wis. July 02, 2008) (noting urgency of similar situation). A decision on plaintiff's motion for collective treatment, along with notice, are prerequisites for this to happen.

4. The Rules of Civil Procedure do not support defendant's position, and in fact compel granting of plaintiff's motion to compel defendant's cooperation in participating in a Rule 26(f) conference.

5. Fed.R.Civ.P. 26(f) provides that "the parties must confer as soon as practicable — and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Defendant appears to be misinterpreting the word "practicable" in arguing that it would be "impracticable to commence discovery and consider plaintiff's motion for conditional certification.

6. Black's Law Dictionary defines "practicable" as "that which may be done, practiced, or accomplished; that which is performable, feasible, possible…" (6th ed. 1990). "Practicable" means feasible in the circumstances." *Frey v. Security Ins. Co. of Hartford*, 331 F.Supp. 140, 143 (W.D..Pa. 1971). "Feasible" means "Capable of being done, executed, affected or accomplished. Reasonable assurance of success. See Possible." Black's Law Dictionary (6th ed. 1990).

2

7.      Holding a Rule 26(f) conference in this case now, rather than later, is certainly "feasible" and "possible," and is therefore "practicable." And while there is no question that the Court may enter an order delaying such pursuant to Fed.R.Civ.P. 26(c) as defendant urges, no good reason exists to do so in this case. As explained above, plaintiff and the class will suffer prejudice through delay: not only will discoverable materials probably be destroyed, but the class members stand to lose claims through delays.

8.      Conversely, defendant stands to gain tactically through the dilatory motions it has filed. The later the order granting collective action certification and notice happens, the fewer claimants there will necessarily be, and the smaller the sums of back pay Velocity Express will have to pay.

9.      Therefore, plaintiff respectfully requests that the Court not only deny defendant's motion for a protective order, but that it order that the parties engage in a 26(f) conference by some date certain soon in the future, or alternatively grant plaintiff leave to initiate discovery without having had a Rule 26(f) conference. See also Fed.R.Civ.P. 37(f).

WHEREFORE, Plaintiff respectfully requests that this Court deny defendant's motion for stay and for a protective order.

Plaintiff also requests that the Court order that the parties have a Fed.R.Civ.P. 26(f) by some short future date, or alternatively grant plaintiff leave to take discovery without having had a 26(f) conference.

Respectfully submitted,

/s/Alexander H. Burke

3

Thomas S. Burke
BURKE LAW OFFICES
625 Main St., P.O. Box 261
Luxemburg, WI 54217
(920)845-5060
(920)845-5721 (fax)


Keith J. Keogh
Alexander H. Burke
LAW OFFICES OF KEITH J. KEOGH, LTD.
227 W. Monroe Street, Suite 2000
Chicago, IL 60606
(312) 726-1092
(312) 726-1093 (fax)

### CERTIFICATE OF SERVICE

I, Alexander H. Burke hereby certify that on September 12, 2008, I caused a true and correct copy of the foregoing to be served through the ECF system for the District Court for the Eastern District of Wisconsin.

/s/Alexander H. Burke

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF WISCONSIN**
**GREEN BAY DIVISION**

| | | |
|---|---|---|
| GARY L. PARIZEK, on behalf of himself | ) | |
| and all others similarly situated, | ) | 08 C 478 |
| Plaintiff, | ) | |
| v. | ) | Judge Griesbach |
| | ) | |
| VELOCITY EXPRESS, INC. | ) | Jury Demanded |
| Defendant. | ) | |

## RULE 37.1 CERTIFICATION OF ALEXANDER H. BURKE

Alexander H. Burke, counsel for plaintiff in this matter, hereby certifies under the laws of the United States of America that the following statements are true:

1. I am counsel for plaintiff in this matter.

2. On several occasions over the past weeks I have requested that the parties to this matter hold a Fed.R.Civ.P. 26(f) conference. Defense counsel Jeffrey Timmerman initially indicated that defendant would not agree to schedule such a conference. After several emails, Mr. Timmerman agreed to schedule a conference for the week of September 8, 2008.

3. However, Mr. Timmerman called me at approximately 4:30pm on September 8, 2008 and told me that defendant did not believe that a Rule 26(f) conference was appropriate. We discussed the possibility of a motion like the ones at bar, and whether the parties could work out their differences absent such a motion. Mr. Timmerman and I agreed at that time that the parties had reached an impasse as to this issue.

4. My efforts to resolve the issue without Court intervention were sincere, and I do not bring this motion for purposes of undue delay, or to prejudice any party.

September 12, 2008                                   /s/Alexander H. Burke

Case 1:08-cv-00478-WCG   Filed 09/12/08   Page 5 of 5   Document 18