UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GARY L. PARIZEK, on behalf of himself
and all others similarly situated,

        Plaintiff,

    v.                                                        Case No. 08-C-0478

VELOCITY EXPRESS, INC.,

        Defendant.

**ORDER**

Plaintiff Gary L. Parizek filed this action on behalf of himself and all others similarly situated, alleging that Defendant Velocity Express, Inc. ("Velocity"), a delivery company, has violated the Fair Labor Standards Act ("FLSA") and Wisconsin law by failing to properly compensate its delivery drivers for the work they have performed. There are several motions in this matter now ripe for decision.

Parizek has sought leave of the Court to amend his complaint to make minor technical revisions and to name a second plaintiff in this case, Todd Herlache. Such leave should be "freely given," Fed. R. Civ. P. 15(a), absent considerations such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." *Foman v. Davis*, 371 U.S. 178, 182 (1962). There is no indication that Parizek has acted with a dilatory motive or bad faith, or that he is attempting to cause undue delay.

Nor is there reason to believe that the amendment would result in prejudice to Velocity, which has not opposed the motion. Thus, Parizek's motion to amend the complaint will be granted.

However, Velocity has filed a motion to stay the proceedings in this matter until the Judicial Panel on Multidistrict Litigation rules on its pending motion to transfer the present case, and several others, to permit coordinated or consolidated pretrial proceedings in eight separate putative class action and/or collective action lawsuits pending against it in federal district courts throughout the country. These lawsuits, Velocity claims, each involve the same or similar claims by professional delivery drivers as the plaintiffs have advanced in this case. Velocity has already obtained a stay of the proceedings in three of these cases, and urges that a stay of the instant action is appropriate to prevent duplicative and inefficient discovery, and the risk of inconsistent rulings between pending cases, until the motion to transfer can be decided. Parizek opposes Velocity's motion to stay out of concern that if the matter is stayed, it will "substantially slow the case down, which could result in destruction of documents, for example, through defendant's regular course of business." (Br. Opp'n Mot. Stay ¶ 4.) Thus, Parizek requests that if the Court considers a stay of the proceedings appropriate, Velocity be instructed not to permit such a potentially prejudicial destruction of documents relevant to this case. (*Id*. ¶ 6.)

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936).

> [D]istrict courts often will exercise their discretionary power to stay
> the proceedings before them with regard to a variety of matters
> pending a decision by the [Judicial] Panel [on Multidistrict
> Litigation] regarding the transfer of a case, especially when such a
> stay would further the policies of judicial economy, efficiency, and

2

> consistency that are deeply embedded in the federal multidistrict litigation statute.

15 Wright, Miller & Cooper, FEDERAL PRACTICE AND PROCEDURE § 3866.1 (3rd ed. 2007). Here, I conclude that a stay of the proceedings is appropriate for just such reasons. Velocity is instructed, however, to preserve all documents, data and other materials concerning all putative class members, and the substantive and procedural allegations of this case.

Velocity also filed an expedited motion pursuant to Civil Local Rule 7.4 to stay discovery and consideration of Parizek's pending motion for certification of a collective action, pending the resolution of its above referenced motion to stay the proceedings pending the decision of the Judicial Panel on Multidistrict Litigation. (Dkt. # 15.) Because the proceedings in the instant action are hereby stayed pending the outcome of the Panel's ruling on Velocity's motion to transfer, Velocity's expedited motion will be denied as moot.

**THEREFORE IT IS ORDERED** that the plaintiff's motion for leave to amend the complaint is **GRANTED**. The Clerk of Courts is directed to file the proposed amended complaint.

**IT IS FURTHER ORDERED** that the defendant's motion to stay the proceedings (Dkt. # 6) is **GRANTED**, and all proceedings in this action are stayed pending the decision of the Judicial Panel for Multidistrict Litigation. The defendant shall notify the Court within ten days of the Panel's decision. A deadline to answer or otherwise respond to the amended complaint shall be set by the transferee court should the motion for transfer be granted. Should the motion to transfer be denied, the defendant shall answer or otherwise respond to the amended complaint within 20 days of the date the stay of the proceedings is lifted in this action.

3

**IT IS FURTHER ORDERED** that the defendant's expedited motion to stay discovery and consideration of the pending motion for certification of a collective action is **DENIED** as moot.

Dated this   12th   day of September, 2008.

                                                        s/ William C. Griesbach  
                                                        William C. Griesbach  
                                                        United States District Judge