UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: VELOCITY EXPRESS, INC., WAGE &HOUR EMPLOYMENT PRACTICES LITIGATION

MDL. No. 08–1978

This Document Relates to All Cases

**PRACTICE AND PROCEDURE ORDER UPON TRANSFER UNDER 28 U.S.C. § 1407(a)**

This order shall govern the practice and procedure in those actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to the Panel's order of October 8, 2008,[1] as well as the related action originally filed in this court[2] and all related actions transferred or removed to this court. This order shall also govern the practice and procedure in any tag-along actions transferred to this court by the Judicial Panel on Multidistrict Litigation pursuant to Rule 7.4 of the Rules of Procedure of that Panel subsequent to the filing of the final transfer order by the clerk of this court and any related actions subsequently filed in this court or otherwise transferred or removed to this court. A copy of this order is to be filed in any action hereafter filed or removed to this court as part of MDL 1978 and copies of this order are to be mailed to counsel for the parties in any newly filed or transferred cases upon their first appearance.

[1] Moses v. Velocity Express Inc., et al., (CD-CA, 2:08-3078); Jobe v. Velocity Express, Inc., (CD-CA, 5:07-1693), Jones, et al. v. Velocity Express Leasing Inc., et al., (ND-CA, 3:08-773); Grider, et al. v. Velocity Express Leasing Inc., (D-CT, 3:08-82), Santacruz, et al. v. Velocity Express Corp., et al., (SD-FL, 1:08-21591), Charles, et al. v. Velocity Express Corp., et al, (WD-NY, 6:07-6610); Carver, et al. v. Velocity Express Corp., et al., (WD-NC, 1:07-407).

[2] Parizek, et al. v. Velocity Express Inc., (ED-WI, 1:08-478).

1. **Effect of § 1407 Transfer**. The actions in this docket are consolidated for pretrial purposes. At the conclusion of the pretrial proceedings, these actions will be remanded to the transferor courts for trial. *See* Lexecon, Inc. v. Milberg Weiss Bershad Hynes, and Lerach, 523 U.S. 26 (1998). The consolidation of these actions for pretrial purposes shall have no substantive effect and shall not have the effect of making any person or entity a party to any action in which he, she or it has not been named, served or added in accordance with the Federal Rules of Civil Procedure. Even though, as provided in paragraph 3 below, papers filed in these cases shall all be filed in one consolidated case file, the MDL cases shall not lose their separate identities for substantive purposes, including entry of final orders and judgments.

2. **Master Docket and Individual Cases**. The clerk of court will maintain a master docket case file under the style "In Re: Velocity Express, Inc., Wage & Hour Employment Practices Litigation, Case No. 1:08-md-1978." Papers applicable to any of the MDL cases shall be filed only in "In Re: Velocity Express, Inc., Wage & Hour Employment Practices Litigation, Case No. 1:08-md-1978." All of the MDL cases shall nevertheless retain a separate identity and case number (i.e., the number assigned when the case was filed in or removed or transferred to this court). When a filing, by its terms, applies to all of the MDL cases, this shall be indicated by the words: "This Document Relates to All Cases". A filing that applies to fewer than all of the MDL cases shall bear the words: "This Document Relates to [insert case number(s) to which the paper applies]."

3. **Place and Method of Filing**. Any paper that is to be filed in any of these actions shall be electronically filed with the clerk of this court and not with the transferor district court. All filing and docketing will be done electronically through the CM/ECF system. The court will use CM/ECF to correspond with counsel on case-related matters. Counsel should follow the

instructions and rules contained in the court's CM/ECF Procedures Manual. The manual and updates to it are available on the court's website, www.wied.uscourts.gov. A tutorial is also available on the court's website. Those who will be responsible for electronic filing and docketing must fully understand the CM/ECF system and be familiar with the court's practices and procedures.

4. **CM/ECF Registration**. Counsel who wish to actively participate in these proceedings must register in this court's CM/ECF system. Forms and instructions for registration are available on the court's website, www.wied.uscourts.gov.

5. **Attorney Admission**. All counsel who are admitted to practice before any United States Court are deemed admitted to the Eastern District of Wisconsin for purposes of this action and no parties to any of these actions will be required to obtain local counsel in this district.

6. **No Need to Re-Appear**. Counsel who appeared in the transferor district court prior to the transfer need not enter a separate appearance before this court.

7. **Service List**. The parties shall present to the court, at the first pretrial conference, a list of attorneys for purposes of service.

8. **Pre-Transfer Protective Orders**. Any protective orders previously entered by this court or any transferor district court shall remain in full force and effect unless modified by this court upon application.

9. **Communication with the Court**. Unless this court orders otherwise, all substantive communications with the court in these actions shall be electronic, with copies to opposing counsel. Questions concerning docketing issues may be addressed to the Clerk's Office at (920)884-3720. Other questions may be directed to the Deputy in Charge, Terri Ficek, (920)884-

3722. If the question is not unique to an MDL docket, counsel should first check the court's Web page (including the Judge's page).

10. **Duty to Read and Follow Local Rules**. All counsel who desire to continue as counsel of record in any of these actions shall promptly familiarize themselves with this court's local rules. The local rules are available on the court's website at www.wied.uscourts.gov. Although counsel are free to recommend modifications specifically for this docket, the court anticipates applying its local rules to these proceedings.

11. **Communication Among Counsel**. Cooperation by and among plaintiffs' counsel and by defendants' counsel is essential for the orderly and expeditious resolution of this litigation. The communication of information among plaintiffs' counsel and among defendants' counsel shall not be deemed a waiver of the attorney-client or work product privileges, and the cooperative efforts contemplated by this order and future case management orders in this litigation shall not in any way be used against any plaintiff by any defendant or against any defendant by any plaintiff.

12. **Courtesy Copies**. Counsel are asked to submit to the court, one courtesy paper copy of any document which exceeds 10 pages in length. The courtesy copies are to be directed to the Office of the Clerk.

13. **List of Affiliated Companies and Counsel**. To assist the court in identifying any problems of recusal or disqualification, counsel shall submit to the court by November 20, 2008, a list of all companies affiliated with the parties and all counsel associated in the litigation.

14. **Discovery/Disclosures**. All discovery proceedings in these actions are stayed pending further order of this court and the time requirements to perform any acts or file any papers pursuant to Rules 26 through 37, Federal Rules of Civil Procedure, are tolled until the first pretrial

conference. This order does not (1) preclude voluntary informal discovery regarding the identification and location of relevant documents and witnesses; (2) preclude parties from stipulating to conduct a deposition that has already been scheduled; (3) prevent a party from voluntarily making disclosures, responding to an outstanding discovery request under Rule 33, 34, or 36; or (4) authorize a party to suspend its efforts in gathering information needed to respond to a request under Rules 33, 34, or 36. Relief from this stay may be granted for good cause shown, such as the ill health of a proposed deponent.

15. **Pleadings**. Each defendant is granted an extension of time for responding by motion or answer to the complaint(s) until a date to be set at the conference.

16. **Preservation of Records**. Each party shall preserve all documents and other records containing information potentially relevant to the subject matter of this litigation. Each party shall also preserve any physical evidence or potential evidence and shall not conduct any testing that alters the physical evidence without notifying opposing counsel and (unless counsel stipulate to the test) obtaining the court's permission to conduct the test. Subject to further order of the court, parties may continue routine erasures of computerized data pursuant to existing programs, but they shall (1) immediately notify opposing counsel about such programs and (2) preserve any printouts of such data. Requests for relief from this directive will receive prompt attention from the court.

17. **One Deposition Per Deponent: Exceptions**. The court anticipates that no witness will be deposed on the same subject more than once in this litigation. If a party seeks to take a second deposition of a witness, it shall provide the opposing party its basis for an exception to the rule along with a list of the subject matters as to which interrogation is sought. Second depositions on new subject matter shall be permitted by consent of the parties or upon order of this court

authorizing such deposition based upon a showing of good cause. An individual designated and tendered by the defendants in response to a Rule 30(b)(6) deposition notice may be re-deposed at a later time upon notice by plaintiffs on new subject matter, and such deposition may proceed without plaintiffs obtaining leave of court.

18. **Questioning During Depositions**. The court expects questioning of deponents to be conducted by the minimum number of attorneys necessary to allow the parties to address individual or divergent positions. To effectuate this goal, attorney(s) conducting the lead examination in each deposition should be determined by good faith negotiations between the co-lead counsel for plaintiffs. Following the conclusion of the lead examination, counsel for plaintiffs with individual or divergent positions from the lead examiner may examine a deponent with respect to such issues that have not been previously covered by designated counsel, but should take care to avoid duplication. The court anticipates that counsel will consult and cooperate prior to a deposition to facilitate the efficient conduct of depositions. Absent agreement of the parties or order of this court, based on a showing of good cause, the length of depositions shall be controlled by Fed. R. Civ. P. 30(d)(2).

19. **Sequencing of Discovery Disfavored**. To keep the proceedings moving along, the court expects to avoid sequencing the litigation into different phases. For example, unless persuaded to the contrary, the court anticipates having discovery go forward while motions to dismiss are being briefed, argued, and decided. The court also anticipates that all parties will focus (and begin the process of obtaining expert testimony) on damages issues, as well as liability issues, from the outset. The court encourages the establishment of a structure for mediation so that if and when settlement negotiations become appropriate, unnecessary organizational delay can be prevented.

20. **Motion Hearings**. Hearings will not be held on any motions filed except by order of the court, upon such notice as the court may direct.

21. **Compensation for Transcripts**. The court hopes to establish an arrangement whereby court reporters are adequately and fairly compensated for the work they will do while, at the same time, transcripts are made publicly available on a timely basis. In other MDL dockets, counsel have accomplished those twin goals by agreement to pay court reporters for an agreed number of copies before placing a transcript on the public record.

22. **Initial Conference of Counsel**. Prior to the first pretrial conference, counsel shall confer and seek consensus to the extent possible with respect to the items on the agenda, including a proposed discovery plan under Rule 26(f) and a suggested schedule under Rule 16(b) for joinder of parties, amendment of pleadings, consideration of any class action allegations, and motions. The court designates Jordan M. Lewis, Siegel Brill Greupner Duffy & Foster PA, 1300 Washington Square, 100 Washington Avenue South, Minneapolis, MN 55401 and Andrew J. Voss, Littler Mendelson PC, IDS Center, 80 S. 8th St. - Ste. 1300, Minneapolis, MN 55402 to arrange the initial meetings of plaintiffs' and defendants' counsel, respectively. Each side shall file, by November 21, 2008, a brief statement of the facts involved in the litigation and the critical factual and legal issues. The statements shall list all pending motions and all related cases pending in state or federal court and their current status, to the extent known. The statements shall also set forth the parties' views on alternate dispute resolution or other vehicles for settlement discussion.

23. **Liaison Counsel**. At the initial pretrial conference, counsel for each group of parties whose interests are similarly aligned shall recommend liaison counsel, subject to the court's approval.

Any attorney recommended for this position must submit, in writing, a statement as to his or her qualifications which includes the reasons why they are an appropriate selection, and a listing of two or more district court judges they have appeared before, as references. Liaison counsel shall be required to maintain complete files (which may be in electronic format) with copies of all documents served upon them and shall make such files available to parties within their liaison group upon request. Liaison counsel are also authorized to receive orders and notices from the Judicial Panel on Multidistrict Litigation pursuant to Rule 8(e) of the Panel's Rules of Procedure on behalf of all parties within their liaison group and shall be responsible for the preparation and transmittal of copies of such orders and notices to the parties in their liaison group.

24. **Dispositive Issues**. The parties should identify any potentially dispositive issues they believe can be resolved by a motion to dismiss or an early summary judgment motion. The court anticipates deciding such issues promptly and considering whether they are appropriate for interlocutory appeal.

25. **Initial Pretrial Conference**. The court will conduct a first pretrial conference in this action at 9:30 a.m. CT on December 2, 2008 at the United States District Court, 125 S. Jefferson St., Room 201, Green Bay, Wisconsin. To minimize costs and facilitate a manageable conference, all counsel are not required to attend the conference and parties with similar interests are expected to agree, to the extent practicable, on a single attorney to act on their joint behalf at the conference. A party will not, by designating an attorney to represent its interests at the conference, be precluded from other representation during the litigation; and attendance at the conference will not waive objections to jurisdiction, venue, or service. As a courtesy to counsel who are not appearing in person for the conference, a telephone conference has been set up

through the Sprint Conference Center. Counsel may connect to the conference by calling in to the toll-free number which follows and providing the confirmation number listed below:

Sprint Conference Center 1-866-210-2505

Confirmation Number 71538156

Only counsel who appear in person will be active participants in the conference. The Sprint Conference call has been set up as a convenience for informational purposes only.

The purpose of the conference will be to establish a scheduling order which will include deadlines for designation of lead counsel, amendments to the pleadings, resolution of class certification issues, deadlines for discovery and expert disclosures, and a summary judgment motions deadline. Counsel should be prepared to discuss proposed deadlines for these events and any others counsel believe must be set in the initial scheduling order. Counsel are expected to familiarize themselves with the *Manual for Complex Litigation, Fourth*, and be prepared at the conference to suggest procedures that will facilitate the just, speedy, and inexpensive resolution of this litigation.

Dated this 4th day of November, 2008.

s/ William C. Griesbach
WILLIAM C. GRIESBACH
United States District Judge